UNITED STATES OF AMERICA *v.* CHING TAI SAI.

UNITED STATES OF AMERICA *v.* CHING TAI SUN.

DECIDED:    AUGUST 13, 1901.

1.   The framers of Article 17, Section 1, of the Constitution of the Republic of Hawaii and of the Act of Congress providing a government for the Territory of Hawaii (Section 4 thereof), approved April 30, 1900, intended to refer to the geographical limits of the Hawaiian Islands rather than to any political conditions existing therein; and that Hawaiian and American citizenship was to be extended to all persons born in the Islands, excepting only those "born of persons engaged in the diplomatic service of foreign governments, such as ministers and ambassadors, whose residence by a fiction of public law is regarded as part of their own country."

2.   The fact that two Chinese persons were born in the Hawaiian Islands while the same was a monarchy known as the Kingdom of Hawaii, does not deprive them of their status as American citizens, it being proven that they were born in the Hawaiian Islands, sons of a domiciled Chinese laborer, in view of the provisions of Article 17, Section 1, of the Constitution of the Republic of Hawaii, "that all persons born or naturalized in the Islands and subject to the jurisdiction thereof, are citizens of the Republic;" and of the provisions of Section 4 of the Act of Congress, approved April 30, 1900, to "provide a government for the Territory of Hawaii," that "all persons who were citizens of the Republic of Hawaii on August 12, 1898, are hereby declared to be citizens of the United States and citizens of the Territory of Hawaii."

CHINESE EXCLUSION LAW.   PROCEEDING TO DEPORT.

*J. J. Dunne*, Acting U. S. District Attorney for government.

*Lyle A. Dickey*, attorney for defendant in both cases.

ESTEE J.   This is a proceeding for the deportation of Ching Tai Sai and Ching Tai Sun, two Chinese persons arrested upon complaint of E. R. Hendry, a Deputy United States Marshal for the District of Hawaii, on the ground that they were Chinese laborers within the limits of the United States and also of the District of Hawaii, without the certificates of residence required by the Act of Congress approved May 5th, 1892, and the Act of November 3rd, 1893, amendatory thereof, and the Act of Congress approved April 30th, 1900, providing a government for the Territory of Hawaii.

Both defendants answered claiming to have been born in the Hawaiian Islands and each to be an American citizen.   By stipulation between the attorneys it was agreed that both cases should be heard and decided together.

It was shown on the hearing that these defendants were Chinese boys of the age respectively of eighteen and twenty years.   It is admitted that they were born in the Hawaiian Islands of Chinese parents when the government of the Islands was a constitutional monarchy, their father being a Chinese laborer and a citizen of China; that when the boys had reached

the age of eight and ten years respectively, the father took his family, including these boys, to China, where he left them, returning to the Islands himself one year thereafter.

The boys remained in China for ten years, coming back on or about July 9th of this year on the steamer "Peru."

During the ten years absence of the defendants from the Islands, several governmental changes took place here. The monarchy first gave way to a provisional government ultimately resulting in the Republic of Hawaii and finally in the annexation of the Islands by the United States as a Territory, which occurred on July 7th, 1898, by reason of the "Newlands Resolution of Annexation" so called, 30 Stat. U. S. 750.

The question was raised upon the argument that as these boys were born under the government of the Kingdom of Hawaii, and not under that of the Republic of Hawaii, which was the existing government when the Islands were annexed, and had left the Islands and were living in China when these Islands became a Republic and afterwards a Territory of the United States, that they were not included in those who were admitted to be citizens of the United States by the Act of Congress, approved April 30th, 1900.

In the Act of April 30th, 1900, (Vol. 31 U. S. Stats. Page 141) entitled an "Act to provide a government for the Territory of Hawaii," it is prescribed by Section 4 thereof, relating to the question of the American citizenship of the people of the Islands:

"That all persons who were citizens of the Republic of Hawaii on August twelfth, eighteen hundred and ninety-eight, are hereby declared to be citizens of the United States and citizens of the Territory of Hawaii."

The question then presented and the main question, (conceding the birth of these boys in the Hawaiian Islands at the time stated) is, "who were citizens of the Republic of Hawaii on August twelfth, eighteen hundred and ninety-eight?"

In this connection, it will be necessary to review a little of the history of the annexation proceedings of this Territory.

On July 7th, 1898, the Congress of the United States passed a joint resolution (Volume 30 U. S. Stats. Page 750) whereby the Islands were annexed as a part of the territory of the United States and became subject to the sovereign dominion thereof, although the actual and formal cession of the sovereignty was not made until August 12th, 1898, when the Hon. Sanford B. Dole, the President of the then Republic of Hawaii, formally turned the same over to the Hon. Harold M. Sewall, representing the government of the United States, and the United States flag was raised over the dome of the Executive Building.

When the cession was made, the government of the Hawaiian Islands was a Republic with a written constitution, which constitution prescribed who were citizens of that Republic, that is to say:

Article 17, Section 1 of that Constitution provided:

"That all persons born or naturalized in the Hawaiian Islands and subject to the jurisdiction of the republic, are citizens thereof."

This provision of the Constitution of Hawaii controls as to who constituted its citizens. The only question being as to the construction of the clause "subject to the jurisdiction thereof."

In arriving at an interpretation of the above section of the Constitution of the Republic of Hawaii we are aided by the construction given to the Constitution of the United States which has a provision in almost the exact terms of that of the Constitution of Hawaii, namely—the Fourteenth Amendment thereof which provides:

"Section 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States."

While the question as to whether a child born in the United States of foreign parents is or is not an American citizen has never been directly decided by the Supreme Court of the United States, (¹) yet it has been decided by the Courts of the

Ninth Circuit, and notably in the case of *"In re Look Tin Sing,"* reported in 21 Fed Rep. 905, where Judge Field, then a justice of the Supreme Court of the United States, sitting with Judge Sawyer, a Circuit, and Judge Hoffman, a District Judge of that Circuit, says, in construing the Fourteenth Amendment above quoted,—

"They alone are subject to the jurisdiction of the United States who are within their dominions and under the protection of their laws and within the consequent obligation to obey them when obedience can be rendered; and only those thus subject by their birth or naturalization are within the terms of the amendment. The jurisdiction over these latter must at the time be both actual and exclusive. The words mentioned (subject to the jurisdiction thereof) except from citizenship children born in the United States of persons engaged in the diplomatic service of foreign governments, such as ministers and ambassadors whose residence by a fiction of public law is regarded as part of their own country. * * * The language used has also a more extended purpose. It was designed to except from citizenship persons who, though born or naturalized in the United States have renounced their allegiance to our government and thus dissolved their political connection with this country."

In the case of *Gee Fook Sing*, reported in 49 Fed. Rep. Page 146, the Circuit Court of Appeals for the District of Oregon, also passed upon the question of the construction of the Fourteenth Amendment to the Constitution of the United States, wherein the Court (Deady, J.) says—

"That inasmuch as the 14th amendment to the Constitution of the United States declares that all persons born in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside, the laws excluding emigrants who are Chinese laborers are inapplicable to a person born in the country and subject to the jurisdiction of its government even though his parents are not

citizens nor entitled to become citizens under the laws providing for the naturalization of aliens."

And see also to the same effect the decision of Judge Morrow, a Circuit Judge of this Circuit, in the case of *In re Wong Kim Ark*, reported in 71 Fed. Rep. 382.

It would, however, not seem necessary to go beyond the decisions of the Supreme Court of the Republic of Hawaii, as to the construction of this provision of its constitution. It has been decided by that Court in the case of a child born of British parents in the Hawaiian Islands when the government of the Islands was that of a monarchy, and whose parents were British subjects, and the birth of which child had been registered at the British Consulate, that such child was subject to the jurisdiction of the country and was an Hawaiian subject and citizen. *In the Matter of the Application of George Macfarlane for a Writ of Mandamus*, Vol. 11, Hawaiian Rep. Page 166.

There is no attempt in this case to show that these boys were other than sons of a Chinese laborer domiciled in the Hawaiian Islands and a subject of the Chinese Empire when they were born.

Upon an examination of the Constitution of the Kingdom of Hawaii and the laws thereof, I find nothing at the date of the birth of either of these boys defining the status of children born of aliens domiciled in the Hawaiian Islands which would tend to throw any light upon the status of these defendants. And the rules of international law would prevail in the absence of any especial enactment in relation thereto, and the citizenship of the children follow that of the father, in this case a subject of China, if it were not for the fact that the Constitution of Hawaii has provided in terms "that all persons born or naturalized in the Islands and subject to the jurisdiction thereof are citizens of the republic."

As was said by Judge Morrow in his very exhaustive and well considered opinion in the case of *In re Wong Kim Ark*, above referred to, quoting from Page 392,—

"The doctrine of the law of nations that the child follows the nationality of the parents and that citizenship does not depend upon mere accidental place of birth, is undoubtedly more reasonable, logical and satisfactory, but this consideration will not justify this Court in declaring it to be the law against controlling judicial authority. In this case the question to be determined is as to the political status and rights of Wong Kim Ark under the law in this country."

It seems clear to me that as to the question of citizenship both the framers of the Constitution of the Republic of Hawaii, and of the Act of Congress providing a government for the Territory of Hawaii (Section 4 thereof) intended to refer especially to the geographical limits of the Hawaiian Islands, rather than to any political conditions existing here, and that Hawaiian and American citizenship was to be extended to all persons born in these Islands with the exception only of those "children born of persons engaged in the diplomatic service of foreign governments, such as ministers and ambassadors, whose residence by a fiction of public law is regarded as part of their own country."

These defendants having proven their birth in these Islands and not belonging to the excepted persons above noted, under the law they are citizens of the United States and of this Territory and as such entitled to remain.

Let them be discharged from custody.

(1) But See *United States v. Wong Kim Ark*, 169 U. S. 649.